United States District Court
Southern District of Texas
**ENTERED**
May 06, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIUS LAMUNN NORTH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03309 |
| | § | |
| CAPITAL ONE, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is a Motion to Dismiss filed by Defendant Capital One, N.A. ("Capital One"). Dkt. 10. Having reviewed the briefing, the record, and the applicable law, I recommend the motion be **GRANTED** and this case dismissed.

## BACKGROUND

Plaintiff Julius Lamunn North ("North"), proceeding without a lawyer ("pro se"), instituted this action in the 189th Judicial District Court of Harris County, Texas on August 1, 2023. North named two defendants in his Original Petition: Capital One and Richard Fairbank ("Fairbank"). In that pleading, which is the live pleading, North asserts that he is "seeking justice for . . . racial discrimination, breach of contract, civil rights violations, trespass, trust fraud, fraud, negligence, harassment, deceptive trade practices, intimidation, coercion, conspiracy, and personal harm caused by the Defendants." Dkt. 1-1 at 3. North seeks "monetary relief including penalties and attorneys' fees and costs . . . in excess of $1,000,000." *Id.* at 5.

On September 5, 2023, Capital One removed the state court action to this court on the basis of diversity jurisdiction. On November 20, 2023, both Capital One and Fairbank moved to dismiss this action. On November 30, 2023, North moved to dismiss Fairbank, stating that he "wishes to place the burden of the crimes committed on Capital One." Dkt. 12 at 1. On December 19, 2023, Judge

George C. Hanks, Jr. granted North's motion and dismissed Fairbank. *See* Dkt. 13. Capital One is thus the sole remaining defendant in this lawsuit. Capital One has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that North fails to state a claim. North's deadline to respond to the Motion to Dismiss was December 11, 2023. North has not responded, nor has he sought additional time to respond in the more than four months since his response was due.

## LEGAL STANDARDS

A. **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

A complaint may be dismissed when it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019).

Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Although for the purposes of this motion to dismiss [I] must take all the factual allegations in the complaint as true, [I am] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Thus, a claim "is implausible on its face when 'the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## B.    LITIGANTS WITHOUT LAWYERS

A complaint filed by a litigant without a lawyer, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "Liberal construction is afforded to *pro se* litigants to serve as a shield, in line with the 'congressional goal of assuring equality of consideration for all litigants' behind the *in forma pauperis* statute." *Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Litigants without lawyers, however, are not excused from complying with the Federal Rules of Civil Procedure. *See Carmouche*, 77 F.4th at 368 (noting that pro se complaints must still comply with Rule 8's notice pleading requirement).

## C.    SOUTHERN DISTRICT OF TEXAS LOCAL RULES 7.3 & 7.4

As noted, North did not respond to Capital One's motion to dismiss. Under this district's local rules, responses to motions must be submitted within 21 days after filing, *see* S.D. TEX. L.R. 7.3, and "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4. Although the Fifth Circuit has "recognized the power of district courts to adopt local rules requiring parties who oppose motions to file statements of opposition," it has not "approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quotations omitted). A motion to dismiss is a dispositive motion, meaning it can potentially end a case. Therefore, I must consider the merits of the motion to dismiss, despite North's lack of response.

## ANALYSIS

North's Petition is 11 pages long. The first page is a cover page, and the last five pages are just recitations of law and North's prayer for relief. The factual background of North's Petition is a mere six sentences:

> 10.1 An order was sent [to Capital One] via Certified Mail . . ., requiring the company to accept the tender of payment to settle the debt owed. The debts were never removed nor the required documentation under the contracts provided and the Defendants are now hereby in **Default**.
>
> 10.2 The Defendant has provided unverified inquiries and debts onto [North's] credit report, damaging [North's] reputation and credit worthiness.
>
> 10.3 The Defendant has provided money to reporting agencies, conspiring against [North] for financial gain.
>
> 10.4 The Defendant is and has been reporting inaccurate credit score rating causing great financial strain to [North].
>
> 10.5 The Defendant refused tenders of payment to settle the alleged debts and continued to report negative items on [North's] credit profile.

Dkt. 1-1 at 6–7.

Despite North cursorily referencing "racial discrimination, breach of contract, civil rights violations, trespass, trust fraud, fraud, negligence, harassment, . . . intimidation, coercion, conspiracy, and personal harm" in the second paragraph of his Petition,[1] *id.* at 3, the only violation of the law North explicitly alleges in the Petition is that Capital One has violated the Texas Deceptive Trade Practices Act ("DTPA"). *See id.* at 4. Although North does not mention the Fair Credit Reporting Act ("FCRA"), his allegations about reporting negative credit

---

[1] North's Petition is noticeably lacking any facts suggesting the basis for even one claim based on these words. On the basis of which race was North discriminated? What contract is being sued upon? What was trespassed? Who defrauded North? Who harassed North? North does not appear to actually assert a claim for any of these words. But to the extent he does, he unquestionably fails to state a claim. *Chavez v. Capella*, No. 3:22-cv-0007, 2023 WL 4494758, at *6 (N.D. Tex. May 31, 2023) ("[S]imply listing a legal concept like fraud, without any facts in support, is insufficient to state a claim.").

information implicate the FCRA. Capital One recognizes this fact because it has briefed why North fails to state a claim under both the DTPA and the FCRA. Thus, I will examine whether North has stated a claim under the DTPA or the FCRA.[2]

### A.  NORTH DOES NOT STATE A CLAIM UNDER THE DTPA

North's sole stated cause of action is for purported violation of the DTPA. The DTPA provides protections for consumers from deceptive trade practices in the purchase and lease of goods and services. *See* TEX. BUS. & COM. CODE § 17.46. To state a claim under the DTPA, the complaint must show that: "(1) the plaintiff is a consumer; (2) the defendant committed acts 'in connection with the purchase or lease of any goods or services'; (3) the defendant's acts were false, misleading or deceptive; and (4) the acts were a producing cause of plaintiff[']s injuries." *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 842 (S.D. Tex. 2009) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996)), *aff'd*, 397 F. App'x 24 (5th Cir. 2010). North's claim fails at the first step because North does not allege that he is a consumer.

"A plaintiff must be a consumer to recover under the DTPA. . . . Whether a plaintiff is a consumer under the DTPA is a question of law." *Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex. App.—Houston [1st Dist.] 1995, no writ). "To establish DTPA consumer status, a complaining party must show that (1) it has sought or acquired goods or services by purchase or lease, and (2) the goods and services in question must form the basis of the plaintiff's complaint." *Jones v. Star Houston, Inc.*, 45 S.W.3d 350, 356 (Tex. App.—Houston [1st Dist.] 2001, no pet.). North's factual allegations show, at most, that he is indebted to Capital One. "As a general rule, where the underlying transaction is a loan, consumer status is not conferred because money is neither a good or service." *Reule v. M & T Mortg.*, 483 S.W.3d 600, 614 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The

---

[2] North also "alleges violations by Defendants of other non DTPA enforcement agencies and laws including the Uniform Commercial Code." *Id.* at 7. This allegation, however, is conclusory, and I can find no facts in North's Petition that would pertain to any claim under the Uniform Commercial Code.

exception to this general rule is "where the objective of the transaction complained of was the purchase or lease of a good or service notwithstanding that the plaintiff borrowed money to complete the transaction." *Id.* Yet, North's Petition is silent as to *why* he is indebted to Capital One. If North became indebted as part of a transaction to purchase or lease a good or service, he does not say so. Accordingly, North has failed to show that he is a "consumer" and cannot state a claim under the DTPA. *See Luker v. G.C. Servs., LP*, No. 4:09-cv-3860, 2011 WL 13334307, at *7 (S.D. Tex. Mar. 23, 2011) (recommending dismissal because "Plaintiff has not shown that she is a person who sought or acquired goods or services when she obtained her credit from Citibank.").[3]

**B.    NORTH DOES NOT STATE A CLAIM UNDER THE FCRA**

As Capital One notes in its Motion to Dismiss, North's "purported DTPA claim appears largely based on credit reporting allegations, including that Capital One has submitted inaccurate and negative information regarding his credit report that has damaged his reputation and credit worthiness." Dkt. 10 at 8. To the extent North is asserting a DTPA claim, such claim fails because, as discussed above, North has not established that he is a "consumer" under the DTPA. But even if he had, I agree with Capital One that DTPA claims based on credit reporting allegations are preempted by the FCRA. *See Seelbach v. Ditech Fin. LLC*, No. 3:17-cv-3386, 2018 WL 3496479, at *4 (N.D. Tex. July 19, 2018) (dismissing DTPA claim because it was preempted by FCRA). So, the question becomes whether North can state a claim under the FCRA.

North's allegations that Capital One has "provided unverified inquiries and debts onto [his] credit report" and "has been reporting inaccurate credit score rating," Dkt. 1-1 at 6–7, implicate § 1681s-2(b). The FCRA provides that a furnisher is obligated, upon receiving a dispute of accuracy from a credit reporting agency,

---

[3] I do not reach Capital One's arguments about North asserting a "vapor money" theory, *see* Dkt. 10 at 6–7, because North has so clearly failed to show that he is a "consumer" under the DTPA that such discussion is not necessary.

6

to conduct an investigation, report its results to the credit reporting agency, and modify or delete incorrect information. *See* § 1682s-2(b)(1). A plaintiff asserting an FCRA claim against a furnisher under § 1682s-2(b) must allege that "(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014).

North has not alleged that he disputed the accuracy of any information with a consumer reporting agency. This omission is fatal to any FCRA claim against Capital One for inaccurate reporting.

North also has not alleged that any consumer reporting agency notified Capital One of a dispute. This omission is also fatal. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (notice from a consumer reporting agency to the furnisher of information is "necessary to trigger the furnisher's duties under Section 1682s-2(b)").

North has not alleged that Capital One failed to investigate or notify a consumer reporting agency of the results of the investigation. If read generously, North perhaps alleges that Capital One failed to correct inaccuracies. Yet, North does not provide a showing of factual inaccuracy. "A prima facie showing of inaccurate reporting is . . . essential to maintaining a § 1681s-2(b) claim." *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276 (S.D.N.Y. 2020) (quotation omitted) (dismissing FCRA claim because Plaintiff's contention that his debt was extinguished by the statute of limitations presented only "a legal question, not a fact about the debt itself"). North's failure to show any factual inaccuracy is yet another fatal omission, meaning that any potential FCRA claim North might assert against Capital One fails as to all three of the required elements.

\* \* \*

For all these reasons, North does not state any claim for relief.

## CONCLUSION

For the reasons discussed above, I recommend Capital One's Motion to Dismiss (Dkt. 10) be **GRANTED**, and this matter dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of May 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE